FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 JUN 23  AM 10: 49

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

KATHLEEN J. STREKA,       )     Case No.  8:05CV12
                            )
           Plaintiff,      )
                            )
                            )     PROTECTIVE ORDER
                            )
vs.                       )
                            )
RITE-STYLE OPTICAL CO.     )
                            )
           Defendant.    )

To facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Civil P. 26(c), and with the consent of the parties, IT IS ORDERED:

1.    Scope. This Order shall govern the handling of "Documents" and "Information" deemed confidential hereunder which are produced in connection with this litigation, or copies thereof, or further Documents or Information derived or created in whole or in part therefrom.

2.    Definitions. The following definitions shall be applicable to this Order.

(a)    "Document" shall have the broadest meaning accorded it by Rules 26 and 34 of the Federal Rules of Civil Procedure, and shall apply to all Documents, matters, tangible items, things, objects, materials and substances, whether produced or created by Rite-Style Optical Co. ("Rite-Style") or another person concerning Rite-Style, whether produced pursuant to Court Order, applicable rules, subpoena, by agreement or otherwise.

(b)     "Information" shall mean, refer to and include interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs which quote, summarize or contain any fact or material entitled to protection or any fact or material contained in or derived from any Document.

(c)     It is the present intent of the parties that at this time Documents and Information shall be limited to employee records, medical records, compensation records, business financial information, trade secrets, customer lists, and other business records.

3.      Definition of Confidential Information.   For purposes of this Protective Order "Confidential Information" means any Documents and Information which are identified by Rite-Style as confidential pursuant to the procedures set forth herein. However, this Protective Order does not apply to Documents or Information which:

(a)     are or become available to the public other than through breach of this Protective Order by the receiving party.

(b)     are or become otherwise lawfully available to the receiving party without restriction from a third party.

Documents and Information which are designated as confidential shall be subject to the provisions of this Order.  Documents and Information which are deemed confidential shall be stamped by Rite-Style as "CONFIDENTIAL".

4.      Nondisclosure of Confidential Documents and Information.

(a)     Except without the prior written consent of Rite-Style's originally designating Documents or Information as confidential, or as hereinafter provided under this

Order, no Confidential Documents or Information may be disclosed to any person.

(b)    Nothing in this Order shall be construed to limit in any way the right of the Rite-Style to use its own Confidential Documents or Information for any purposes.

(c)    If Rite-Style inadvertently fails to designate Documents or Information as confidential, it may make the designation belatedly so long as it does so promptly after learning of the oversight.  Where Rite-Style belatedly designates Documents or Information as confidential, counsel for the receiving party shall take such steps as are reasonably necessary to assure the confidentiality of the Confidential Documents or Information, including securing the return of such Confidential Documents or Information from any individual to whom disclosure would not be permitted by this Order.

5.    Permissible Disclosures.    Notwithstanding the provisions of paragraph 4, Confidential Documents or Information may be disclosed to the following Authorized Representatives:

(a)    To counsel for the parties in this action, and counsel's employees, who are actively engaged in the conduct of this litigation;

(b)    To parties and their employees, who are actively engaged in the conduct of this litigation, so long as such parties and their employees do not use such Confidential Documents or Information for any other purpose, or disclose such information other than for the preparation and trial of this litigation including competing with Rite-Style.

(c)   Plaintiff's healthcare professionals may review documents relative to the plaintiff's employment, including her medical records and Streka's other employee records.

(d)   To outside experts of consultants retained for the purpose of assisting counsel in this litigation.

6.   <u>Disclosure to Competitors.</u>   Before disclosing Confidential Documents or Information to any person listed in paragraph 5(c) who is a competitor (or an officer, director, employee or agent of any competitor) of Rite-Style, the party wishing to make such disclosure shall give at least five business days advance notice in writing to the counsel for Rite-Style, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Documents or Information to be disclosed, and stating the purposes of such disclosure.  Disclosure is not permissible prior to the expiration of the five business days notice period.  If a motion is filed within the five business days period objecting to the proposed disclosure, disclosure is not permissible until the Court has ruled upon such motion.

7.   <u>Subpoena by Other Courts or Agencies</u>.  If another court or an administrative agency subpoenas or orders production of Confidential Documents or Information which a party has obtained in discovery in this litigation, the party which received the subpoena or order shall notify Rite-Style's attorney of the pendency of such subpoena or order as quickly as practicable, by telephone, facsimile transmission, or hand delivery of a notice, and in no event later than five (5) days after receiving the subpoena or order, and two (2) days prior to the date of production set forth in such subpoena or order, whichever comes first.

8.   <u>Use</u>.  Persons obtaining access to Confidential Documents or Information under this Order shall use the Information or Documents only for preparation of this litigation

(including appeals and re-trials), and shall not use such Documents or Information for any other purpose.

9.   <u>Return of Documents; Certificate of Destruction.</u>   Within thirty (30) days following the conclusion of this proceeding, Plaintiff shall return to Rite-Style's attorney all copies of Confidential Documents and Information provided to that party pursuant to this Order and all copies of the Confidential Documents or Information reproduced by a party, and must provide a sworn certification that, to the best of his or her knowledge, information and belief, all copies of notes, memoranda, and other Documents or Information regarding or derived from the Confidential Documents or Information (including copies of Confidential Documents or Information) that have not been so returned, if any, have been destroyed, other than notes, memoranda, or other Documents or Information which contain information in a form which, if made public, would not cause disclosure of Confidential Documents or Information.

10.   <u>Modification Permitted.</u>   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

11.   <u>No Waiver of Objections.</u>   Nothing in this Order precludes a party from objecting to the use of Confidential Documents or Information on grounds other than confidentiality, including, without limitation, the lack of required relevance.

12.   <u>No Waiver of Privilege.</u>   The inadvertent disclosure of privileged Documents or Information by Rite-Style or its counsel shall not constitute a waiver of any applicable privilege.

13.   <u>No Waiver of Protective.</u>   The inadvertent or unintentional production of Confidential Documents or Information without being designated as confidential at the time of the production or disclosure is not a waiver in whole or in part of any claim of confidentiality or

secrecy, either as to the specific Document or Information disclosed or as to any other Document or Information relating thereto or on the same or related subject matter.

14.   Disputes.  If a dispute arises with respect to the applicability of the confidentiality provision of this Order, the parties shall make good faith efforts to resolve such dispute without intervention of the Court.  It is agreed that the Documents or Information which are the subject of the dispute will be treated as confidential pursuant to this Order until such time as the dispute is ultimately resolved.

BY THE COURT:

UNITED STATES ~~DISTRICT~~ JUDGE
*MAGISTRATE*

APPROVED AS TO FORM AND CONTENT:

KATHLEEN J. STREKA, Plaintiff

Dated: June 22, 2005                    By:   /s/ Kathleen M. Neary
                                                      Kathleen M. Neary, #20212
                                                      Vincent M. Powers & Associates
                                                      411 S. 13th Street, #300
                                                      Lincoln, NE  68508
                                                      402-474-8000
                                                      Attorneys for Plaintiff

RITE-STYLE OPTICAL CO., Defendant

Dated: June 22, 2005                    By:   /s/ Harvey B. Cooper
                                                      Harvey B. Cooper, #15035
                                                      Abrahams Kaslow & Cassman LLP
                                                      8712 West Dodge Road, Suite 300
                                                      Omaha, Nebraska  68114
                                                      402 392-1250
                                                      Attorneys for Defendant

HBC/316933.1                                              6