```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| KATHLEEN J. STREKA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV12 |
| | ) | |
| v. | ) | |
| | ) | |
| RITE-STYLE OPTICAL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case was removed to federal court from the District Court of Lancaster County, Nebraska on January 11, 2005. The defendant's removal pleadings requested trial in Omaha, Nebraska. Immediately upon removal, on January 11, 2005, the plaintiff filed a request for a jury trial in Lincoln, Nebraska. Filing 4. The plaintiff did not, however, file an affidavit in support of her conflicting place of trial request. See NECivR 40.1(b).

Pursuant to the court's automated random assignment procedures, this civil case was originally assigned to Magistrate Judge Gossett provided the parties consented to final resolution before a magistrate judge. See filing 3 & NECivR 73.1(a). The consent deadline was set for March 1, 2005. See filing 7. One or both of the parties did not consent to appear before Magistrate Judge Gossett and, on March 4, 2005, pursuant to General Order 2004-04 (see filing 12), the case was reassigned to Judge Richard Kopf with pretrial matters to be handled by the undersigned. See filing 11.

On June 27, 2005, the plaintiff filed an amended objection to the defendant's designation of trial in Omaha. See filing 47. Filing 47 acknowledges that plaintiff's counsel failed to comply with the court's local rules when initially objecting to the

defendant's Omaha trial designation, and in support of the amended opposition, plaintiff's counsel supplemented the record by filing an affidavit requesting Lincoln as the place of trial and explaining the factual basis for that request. See filing 48. The defendant immediately objected to plaintiff's request to relocate this trial to Lincoln. See filings 49 & 50.

The plaintiff's lawsuit alleges the defendant discriminated against her by paying her less than males performing similar work with similar skills, abilities, and education. She further claims her ability to breathe is impaired, this disability limits her major life activities (i.e. breathing), and the defendant failed to make reasonable accommodations which would have permitted her to continue working despite this disability.

The plaintiff claims this case should be tried in Lincoln because the plaintiff, her counsel, the plaintiff's treating physician, and all other fact witnesses the plaintiff intends to call reside in Lincoln. She claims she worked for the defendant in Lincoln for nearly four decades, and the workplace at issue is located in Lincoln. The plaintiff states that a site visit to that workplace during trial may be appropriate and therefore the trial should be held in Lincoln. She also claims her treating physician may testify live at trial and would be inconvenienced by appearing at an Omaha trial.

The defendant claims that three of the fact witnesses identified by the plaintiff are defendant's employees, and it will assure that these witnesses are present at an Omaha trial. The defendant claims that regardless of where the plaintiff's treating physician testifies, the doctor's practice and his patients will be burdened and, in light of this burden, the

defendant is willing to permit the doctor to testify by deposition without a showing of unavailability. The defendant claims the workplace need not be viewed by the jury; photographs will sufficiently capture and explain that location for the purposes of this litigation. Finally, the defendant claims that in addition to its Lincoln employees, it intends to call the eighty-year-old chairman of Rite-Style Optical and its Chief Financial Officer, both of whom reside in Omaha.

On June 30, 2005, the undersigned sent a letter to counsel of record in this case which alerted or reminded counsel of the court's limited judicial resources to try civil cases. The June 30 letter was not targeted at this case specifically, but was part of a mass mailing advising counsel that with the heavy civil docket, long delays may occur in civil cases to be tried before Judge Kopf in Omaha. Four courses of action were suggested for counsel to consider, one of which was to agree to try the case before Judge Kopf in Lincoln.

While the court does not condone the failure of plaintiff's counsel to comply with the local rules, strictly enforcing the local rules while ignoring present-day realities faced by the court and parties places form over substance and rule-compliance over proper judicial administration. The record indicates that nearly every witness in this case, the plaintiff, plaintiff's counsel, the assigned trial judge and magistrate judge, and the plaintiff's workplace are all in Lincoln. The case was originally filed in the Lancaster County District Court located in Lincoln. While defendant's counsel is in Omaha, and two of its witness live in Omaha (one of those witnesses being eighty years old), the judges within this court, including both Senior

3

Judges Urbom and Strom, travel between Lincoln and Omaha (and even further) to conduct judicial responsibilities.

Simply stated, had the plaintiff submitted an affidavit at the outset, this case would have been reassigned to Lincoln. It is currently assigned to Omaha for lack of an affidavit accompanying filing 4. Whether the court's current caseload and necessary judge reassignments are viewed as a material change in circumstances warranting a trial location change, (see NECivR 40.1(b)(3)), or as a circumstance justifying a deviation local rule enforcement "in the interest of justice," (see NEGenR 1.1(c)), this case should be assigned to Lincoln.

IT THEREFORE HEREBY IS ORDERED: The place of trial for this case is changed to Lincoln, Nebraska.

DATED this 6th day of July, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

4